**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**WILLIAM R. FRANKLIN,**

   **Plaintiff,**

            **Case No. 2:10-cv-349**
 **v.**           **JUDGE GREGORY L. FROST**
            **Magistrate Judge E.A. Preston Deavers**

**CINCINNATI POLICE DEP'T, et al.,**

   **Defendants.**

**<u>OPINION AND ORDER</u>**

This matter is before the Court for consideration of the following motions:

1.  The motion to dismiss of Defendants Hamilton County and Hamilton County Sheriff's Department (together "Hamilton County Defendants") (ECF No. 32), Plaintiff's memorandum in opposition (ECF No. 45), and the Hamilton County Defendants' reply memorandum (ECF No. 48);

2.  The motion to dismiss of Defendants United States Postal Service ("Postal Service") and the United States of America (together "United States Defendants") (ECF No. 34), Plaintiff's memorandum in opposition (ECF No. 49), and the United States Defendants' reply memorandum (ECF No. 50);

3.  The motion to dismiss of Defendants Cincinnati Police Department and the City of Cincinnati (together "Cincinnati Defendants") (ECF No. 37), Plaintiff's memorandum in opposition (ECF No. 51);

4.  The Cincinnati Bar Association's motion for judgment on the pleadings (ECF No. 52), Plaintiff's memorandum in opposition (ECF No. 56), the Cincinnati Bar Association's reply

memorandum (ECF No. 58); and Plaintiff's motion to file a surreply (ECF No. 59); and

5.  The State of Ohio's motion to dismiss (ECF No. 43) and Plaintiff's memorandum in

opposition (ECF No. 54).

For the reasons that follow, the Court **GRANTS** all of the defendants' motions and

**DENIES** Plaintiff's motion.

## I.  Background

Plaintiff worked as a letter carrier with the Postal Service from 1987 to 1989.  On July 9,

2008, Plaintiff filed an action in the Southern District of Ohio, Western Division.  *See Franklin*

*v. United States Postal Serv.*, 1:08-cv-466 ("*Franklin I*").  In *Franklin I*, Plaintiff alleged that the

Postal Service abused and mistreated him throughout his employment and that the other

defendants refused to help him during that time and during the time since then.  Plaintiff named

as defendants the Postal Service, the National Association of Letter Carriers, the American

Postal Workers Union, Group Health Associates, the Cincinnati Counseling Services, Inc., his

former attorney, Lee Hornberger, and the law firm of Tobias, Kraus & Torchia.  The Honorable

Michael R. Barrett dismissed that lawsuit on March 3, 2010.  Plaintiff appealed that decision to

the United States Court of Appeals for the Sixth Circuit on March 8, 2010.

On April 20, 2010, Plaintiff filed this action and on November 9, 2010, Plaintiff filed an

83 page amended complaint in which he alleges that the Postal Service abused and mistreated

him throughout his employment and that the other defendants refused to help him during that

time and during the time since then.  Although the claims Plaintiff makes in the instant action are

substantially the same as those made in *Franklin I*, Plaintiff has named several new defendants

claiming that he found out about their role during *Franklin I*.

2

## II.  Standards

### A.  Fed. R. Civ. P. 12(b)(6)

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the

Federal Rules of Civil Procedure a complaint must contain sufficient factual matter, accepted as

true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly* , 550

U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) (clarifying the plausibility

standard articulated in *Twombly*).  "A claim has facial plausibility when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.  The factual allegations of a pleading

"must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at

555.  "The court must 'accept all the . . . factual allegations as true and construe the complaint in

the light most favorable to the Plaintiff [].' " *Louisville/Jefferson County Metro Gov't v.*

*Hotels.com, L.P.*, 590 F.3d 381, 384 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461,

466 (6th Cir. 2009)).

### B.  Fed. R. Civ. P. 12(c)

A court reviews motions made under Rule 12(c) of the Federal Rules of Civil Procedure

in the same manner it would review a motion made under Rule 12(b)(6). *Vickers v. Fairfield*

*Med. Ctr.*, 453 F.3d 757, 761 (6th Cir. 2006).  Accordingly, to survive a motion for judgment on

the pleadings, a plaintiff's complaint must state a claim to relief that is plausible on its face.

*Twombly*, 127 S. Ct. at (2007); *Iqbal*, 129 S.Ct. at 1949.

## III.  Discussion

Initially, the Court addresses Plaintiff's allegations regarding his April 16, 2006 letter he

3

refers to as his "plea for help" to find legal representation in his dispute with the Postal Service. Plaintiff alleges that he has a constitutional right to legal counsel and that all of the defendants are liable for their failure to provide him with legal counsel. All of the defendants move for dismissal of this claim, arguing that they were in no way obligated to provide legal counsel to Plaintiff. This Court agrees. The appointment of counsel in a civil case is not a constitutional right. *Abdur-Rahman v. Michigan Dep't of Corr.*, 65 F.3d 489, 492 (6th Cir.1995). Therefore, all defendants are entitled to dismissal of this claim.

The Court will now address each of the defendants' motions.

**A. The Hamilton County Defendants**

In Plaintiff's amended complaint, he alleges that Hamilton County is responsible for the wrongs committed against him that occurred in Hamilton County. (ECF No. 10 at 4) ("Who should be responsible for what happens in the cities of this County, if not the County? Therefore Hamilton County is also charged.") Plaintiff requests that the Court award him punitive damages from Hamilton County of up to $14,201,000.

As to the Hamilton County Sheriff's Department, Plaintiff argues that it too is responsible for the wrongs committed against him that occurred in Hamilton County. *Id.* at 3 ("Nor is Hamilton County Sheriff's Department innocent where the Plaintiff's suffering is concerned, for mine is the story of how the faithful town becomes a prostitute.") Plaintiff does not request that the Court provide any relief to him from the Hamilton County Sheriff's Department.

Although Plaintiff does not specifically indicate, the proper vehicle to file his claims against the Hamilton County Defendants is 42 U.S.C. § 1983. To state a claim under § 1983, a

4

plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996).

The Hamilton County Defendants first argue that Plaintiff has failed to state a claim against them upon which relief can be granted because they were in no way obligated to arrest individuals allegedly involved in the wrongs committed against him during his employment with the Postal Service. This Court agrees. There is nothing in the employment relationship between Plaintiff and the Postal Service that created a duty upon the Hamilton County Defendants to prevent the Postal Service from treating Plaintiff unfairly during his employment. Nor is there any duty upon the Hamilton County Defendants to arrest individuals whom Plaintiff believes treated him unfairly. Indeed, the United States Supreme Court has indicated that no constitutional rights are infringed when an individual does not receive the benefit of having someone else arrested. *See Town of Castle Rock v. Gonzales*, 545 U.S. 748, 767 (2005) ("the benefit that a third party may receive from having someone else arrested for a crime generally does not trigger protections under the Due Process Clause, neither in its procedural nor in its 'substantive' manifestations").

Second, the Hamilton County Defendants argue that Hamilton County is immune from punitive damages claims. This Court agrees. Local governments are absolutely immune from punitive damages claims. *City of Newport v. Fact Concerts*, Inc., 453 U.S. 247 (1981).

Third, the Hamilton County Defendants argue that they are also entitled to dismissal because the statute of limitations has run on Plaintiff's claims. This Court, again, agrees. Plaintiff's allegations are based upon his plea for help on April 21, 2006 and on a meeting with

deputy sheriffs on April 24, 2006.  More than two years elapsed from those dates to the April 20, 2010 filing of Plaintiff's initial complaint in the instant action.  For § 1983 claims, the statute of limitations in Ohio is two years.  *Kuhnle Bros., Inc. v. County of Geauga*, 103 F.3d 516, 519 (6th Cir.1997).  Further, there is nothing in the amended complaint that offers any potential reason that the statute of limitations would be tolled.  *See Sharpe v. Cureton*, 319 F.3d 259, 266-67 (6th Cir. 2003).

Consequently, even when accepting all of Plaintiff's allegations as true, Plaintiff has failed to state claim for relief against the Hamilton County Defendants that is plausible on its face.  Accordingly, the Court **GRANTS** the Hamilton County Defendants' motion to dismiss.

## B.  The United States Defendants

In his amended complaint, Plaintiff alleges that he was mistreated during his employment with the Postal Service and that he was wrongfully terminated from his employment.  Plaintiff requests actual damages in the amount of $2,000,000 and $5,000 per month for the remainder of his life and punitive damages in an amount up to $72,281,000.  The United States Defendants argue that Plaintiff made these same allegations in *Franklin I* and that he should not be permitted to re-litigate those claims here.  This Court agrees.

The *Franklin I* court dismissed the claims against the Postal Service because Plaintiff had failed to pursue the available administrative remedies as required under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*  (ECF No. 42, Report and Recommendation at 4–5; ECF No. 71, Order.)  Further, the court found that even if Plaintiff had pursued the available administrative remedies, his lawsuit was untimely as his "generalized and rambling allegations of a wholesale conspiracy to deprive him of knowledge about these requirements are

6

insufficient to support application of waiver, estoppel, or equitable tolling."  (ECF No. 42,

Report and Recommendation at 5.)  After the pending motions to dismiss were fully briefed in

the case *sub judice*, the United States Court of Appeals for the Sixth Circuit affirmed *Franklin I*.

*Franklin v. United States Postal Serv.*, No 10-3286, slip op. (6th Cir. May 6, 2011).

As the United States Defendants correctly explain, while *res judicata* does not

technically apply to *Franklin I* because that judgment was based on failure to exhaust rather than

on the merits, *Smith v. Kentucky State Univ.*, 97 F. App'x 22, 26 (6th Cir. 2004), the principles

underlying *res judicata* still bar Plaintiff from re-litigating claims by filing a second case that is

materially identical to his first one, *Fieger v. Corrigan*, 602 F.3d 775, 778 (6th Cir. 2010).  A

view of the table of contents of the complaint in *Franklin I* and the instant action is reflective of

the nearly identical allegations made in both cases.  The complaints in both cases offer a table of

contents that include the following headings: "The Revolt of St. Bernard," "The Revolt of North

College Hill," "The Revolt of Groesbeck," "Return to North College Hill," "The Revolt at

Lockland," "The Revolt of Norwood," "The Revolt at the Main Post Office," "Breach of Testing

and Promotions (11/17/89) Round One," "Breach of Testing and Promotions (11/7/90) Round

Two," "Breach of the Overtime Grievance," "Breach of Testing and Promotions (8/7/91) Round

Three," "The Revolt of the Scandals," "The Revolt on the Workroom Floor," "The Punishment

Route," "Breach of Testing and Promotions (11/14-15/91) Round Four," "The DAPA Unit,"

"The Revolt of District 3 Police Dept.," "The Revolt of the L4 Promotion," "The Revolt of the

First Vacation," "Attack on the Post Office," "The Breakdown," "The Revolt of Group Health

Associates," "The Abandonment of Group Health Associates," "The Breach of Testing and

Promotions (Oct.-Nov. 1998) The Last Round," "The Revolt of Group Health Associates,

Revisited," "The Revolt of Jurisprudence and the Evil Device," "The Revolt of Cincinnati Counseling Service, Inc.," "A Call to the Land," and "The Real Letter Put on the Gun Barrel on (4/18/05)."

In both the present action and *Franklin I*, Plaintiff expounds on his long list of alleged problems stemming from his Postal Service employment and termination, without establishing that he ever exhausted administrative remedies at all, let alone established the extraordinary requirements necessary to invoke waiver, estoppel, or equitable tolling.  Plaintiff's first case, *Franklin I*, was his opportunity to establish that those prerequisites existed to allow judicial review of the merits.  *Fieger*, 602 F.3d at 778.  Plaintiff, therefore, is not permitted to re-litigate a case concerning his employment and termination, including whether waiver, estoppel, or equitable tolling applies.

As to Plaintiff's claims against the United States, he may sue only to the extent that Congress consents by waiving sovereign immunity.  *Dep't of the Army v. Blue Fox, Inc.*, 525 U.S. 255, 260 (1999).  Any waiver of sovereign immunity must be unequivocally expressed in statutory text and is be strictly construed in favor of the sovereign.  *Lane v. Pena*, 518 U.S. 187, 192 (1996).  Plaintiff argues that the United States waived its sovereign immunity under the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.* ("FTCA"), and therefore, he can maintain his suit against it.  This Court disagrees.

First, Title VII preempts non-Title VII claims when the same set of facts supports both claims.  *See Boddy v. Dean*, 821 F.2d 346, 352 (6th Cir. 1987), *abrogated on other grounds by Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 111 S. Ct. 453, 112 L. Ed. 2d 435 (1990); *Pueschel v. United States*, 369 F.3d 345, 348, 352-53 (4th Cir. 2004); *Mathis v. Henderson*, 243

F.3d 446, 449 (8th Cir. 2001); *Misra v. Smithsonian Astrophysical Observatory*, 248 F.3d 37, 39 (1st Cir. 2001); *Rivera v. Heyman*, 157 F.3d 101, 105 (2d Cir. 1998); *Brock v. United States*, 64 F.3d 1421, 1422 (9th Cir. 1995). If, however, Plaintiff has set forth a tort claim that he theoretically could assert independently of his claims in *Franklin I*, the FTCA is only a limited waiver of sovereign immunity. 28 U.S.C. §§ 1346(b), 2671–2680. The FTCA retains sovereign immunity for torts based on deceit or misrepresentation. 28 U.S.C. § 2680(h).

Even if Plaintiff alleged a claim that is not based upon deceit or misrepresentation, his claim still fails because he has not met the FTCA's exhaustion requirement by presenting a written tort claim that was finally denied before he filed suit in district court. 28 U.S.C. § 2675(a) ("An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail."); *see also McNeil v. United States*, 508 U.S. 106, 113 (1993) (FTCA requires exhaustion of administrative remedies).

Consequently, even accepting all of Plaintiff's factual allegations as true and making all reasonable inferences in his favor, Plaintiff has failed to state a plausible claim against the United States Defendants. The Court, therefore, **GRANTS** the United States Defendants' motion to dismiss.

## C.  The Cincinnati Defendants

With respect to "The Revolt of District 3 Police Department," Plaintiff alleges that he

was robbed of seven or eight thousand dollars worth of baseball cards and clothing while he was working in Houston, Texas.  He alleges that a Cincinnati police officer conducted an inadequate investigation.  In what appears to be a later, unrelated incident, Plaintiff alleges that while driving he was rear-ended by a car that held a group of teenagers.  The teenagers allegedly knew the police officer who responded to the accident scene.  Plaintiff was cited for the accident and was ordered by a judge to pay for the front bumper of the other car.  Plaintiff further alleges that he was often pulled over in District 3 by two female officers during the summer and fall of 1998.  On October 28, 1998, Plaintiff avers that he received a $72 dollar ticket for, possibly, a burned out license plate light.  Plaintiff requests up to $14,201,000 in punitive damages from the Cincinnati Defendants.

The Cincinnati Police Department argues that it is entitled to dismissal of the claims filed against it because the department of a municipality does not have the legal capacity to be sued. This Court agrees.  *See Tysinger v. Police Dept. of City of Zanesville*, 463 F.3d 569, 572 (6th Cir. 2006) (a police department "is not a juridical entity subject to suit under Ohio law").

The City of Cincinnati argues that it is entitled to dismissal of the claims filed against it because there is no viable legal theory under which it may be held liable.  This Court agrees. Similar to Plaintiff's allegations regarding Hamilton County, Plaintiff alleges that the City of Cincinnati is liable to him because "most of the abuse and calamity" he suffered occurred in that city.  However, as the Court explained *supra*, no constitutional rights are infringed when an individual does not receive the benefit of having someone else arrested.  *See Town of Castle Rock*, 545 U.S. at 767.

Accordingly, even when accepting all of Plaintiff's factual allegations as true, Plaintiff

has failed to state a claim against the Cincinnati Defendants upon which relief can be granted.

Thus, the Court **GRANTS** the Cincinnati Defendants' motion to dismiss.

## D.  State of Ohio

In his amended complaint, Plaintiff alleges that the Court should award him up to

$17,041,000 in punitive damages from the State of Ohio for their failure to honor his request for

legal counsel.  The State of Ohio argues that the Eleventh Amendment to the United States

Constitution bars suit against it.  This Court agrees.  The United States Supreme Court has

unequivocally held that "in the absence of consent, a suit in which the State or one of its

agencies or departments is named as the defendant is also proscribed by the Eleventh

Amendment. . . .  This jurisdictional bar applies regardless of the nature of the relief sought."

*Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 101 (1984) (internal and

subsequent citations omitted).  The State of Ohio has not waived this immunity or consented to

be sued in federal court for claims based on failure to provide legal counsel.

Consequently, Plaintiff has failed to allege a claim for relief against he State of Ohio

upon which relief can be granted.  Accordingly, the Court **GRANTS** the State of Ohio's motion

to dismiss.

## E.  Cincinnati Bar Association

In his amended complaint, Plaintiff alleges that the Cincinnati Bar Association is liable to

him for its members not providing him with legal representation.  Plaintiff asks for $5,681,000 in

punitive damages from this defendant.  As the Court stated *supra*, Plaintiff has no right to have

counsel appointed for him in a civil case.  Even if, however, Plaintiff had stated a plausible claim

for relief against the Cincinnati Bar Association, there is simply no actionable claim against a bar

association for the actions of its members. *See e.g., Bourke v. Kazaras*, 746 A.2d 642, 643 (Sup. Ct. Pa. 2000) ("Any holding that [the bar association] nevertheless should be liable for the receiving attorney's conduct of a case would be logically and legally unpersuasive, and could unduly disrupt a process integral to the profession which has helped to meet the demand for legal services in a responsible way.").

In response to the Cincinnati Bar Association's reply memorandum, Plaintiff filed a motion requesting that he be permitted to file a surreply. The Local Civil Rules permit the filing of a motion and memorandum in support, a memorandum in opposition, and a reply memorandum. S. D. Ohio Civ. R. 7.2(a)(1), (2). Rule 7.2 specifically states that "[n]o additional memoranda beyond those enumerated will be permitted except upon leave of court for good cause shown." S. D. Ohio Civ. R. 7.2(a)(2). Plaintiff has offered no reason why this Court should permit him to file a surreply. Thus, Plaintiff has failed to show the necessary good cause to be permitted to file a surreply.

Accordingly, the Court **GRANTS** the Cincinnati Bar Association's motion for judgment on the pleadings and **DENIES** Plaintiff's motion to file a surreply.

## IV.  Conclusion

Based on the foregoing, the Court:

1. **GRANTS** the Hamilton County Defendants' motion to dismiss (ECF No. 32);

2. **GRANTS** the United States Defendants' motion to dismiss (ECF No. 34);

3. **GRANTS** the Cincinnati Defendants' motion to dismiss (ECF No. 37);

4. **GRANTS** the State of Ohio's motion to dismiss (ECF No. 43);

5. **GRANTS** the Cincinnati Bar Association's motion for judgment on the pleadings

(ECF No. 52); and,

      6. **DENIES** Plaintiff's motion to file a surreply (ECF No. 59).

      The Clerk is **DIRECTED** to **ENTER JUDGMENT** in accordance with this Opinion and

Order.

      **IT IS SO ORDERED.**

                        **/s/ Gregory L. Frost**
                        **GREGORY L. FROST**
                        **UNITED STATES DISTRICT JUDGE**